UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E. LONDONO PEREZ,  )  <br>  )  <br>    Petitioner,  )  <br>  )  <br>    v.  )  <br>  )  <br> ANTONE MONIZ,  )  <br>  )  <br>    Respondent.  )  <br>  ) | Civil Action No.<br>25-cv-13779-FDS |

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner E. Londono Perez is a citizen of Colombia who entered the United States without inspection in 2022. He surrendered himself to immigration authorities at the border, then was released on his own recognizance under 8 U.S.C. § 1226 without being placed into removal proceedings.

On November 18, 2025, he was taken into ICE custody pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). Petitioner contends that his detention violates his

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, Acting Boston Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security, as respondents. The Court notes that Moniz, as "the person who has custody over [the petitioner]," is the only possible proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

Fourth and Fifth Amendment rights as well as the Administrative Procedure Act. He seeks immediate release or, in the alternative, a constitutionally adequate bond hearing.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he granted a bond hearing before an immigration judge.

**I.     Background**

E. Londono Perez, a citizen and national of Colombia, entered the United States in 2022 without inspection. (Pet. Writ Habeas Corpus ["Pet."] ¶ 10, Dkt. No. 1). According to the petition, he surrendered himself to immigration authorities at the border. (*Id.*). Immigration authorities then released him on his own recognizance under § 236 of the Immigration and Nationality Act [codified at 8 U.S.C. § 1226]. (*Id.*; *id.* Ex. A). He was not issued a Notice to Appear for removal proceedings at that time. (*Id.* ¶ 10). In 2023, he filed an application for asylum with U.S. Citizenship and Immigration Services, which remains pending. (*Id.*).

ICE took Londono Perez into custody on November 18, 2025, during a check-in at the ICE field office in Burlington, Massachusetts. (*Id.* ¶ 11). He is being held at the Plymouth Country Correctional Facility in Plymouth, Massachusetts. (*Id.* ¶ 12). He maintains that he has complied with his recognizance conditions and not committed any other offenses to justify detention, and the government does not allege otherwise. (*Id.* ¶ 11; Resp'ts Abbreviated Resp. to Pet. ["Resp."] 2, Dkt. No. 7). He further contends that he was arrested "without a valid warrant." (Pet. ¶ 13).

On December 9, 2025, Londono Perez filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 10, 2025, this Court ordered

respondents to answer or respond to the petition by December 15, 2025.[2]  Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  (Order Concerning Stay of Transfer or Removal 1, Dkt. No. 5).

Respondents submitted an "abbreviated response [that] relies upon, and incorporates by reference, the legal arguments that Respondents presented in *De Andrade*."  (Resp. 1).  They maintain that Londono Perez is an "applicant for admission" whose mandatory detention is authorized under 8 U.S.C. § 1225(b)(2)(A) and with only the due-process rights conferred by statute.  (*Id.* at 2).  The response also "acknowledge[s] that this case is materially similar to *De Andrade*" and "[s]hould the Court apply the reasoning of *De Andrade*, it would likely reach the same result here."  (*Id.* at 3).

## II. Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who have been released on their own recognizance into the United States under 8 U.S.C. § 1226 are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant for admission" under § 1225, and his detention under that provision is in violation of law.  *See* 28 U.S.C. § 2241.  Furthermore, due process entitles a

---

[2] In order to maintain jurisdiction, the Court also ordered that Londono Perez should not be moved outside of the District of Massachusetts without prior notice.  (Order Concerning Stay of Transfer or Removal 2, Dkt. No. 5).

§ 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings*, 583 U.S. 281, 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)) (explaining that federal regulation requires § 1226(a) detainees "receive bond hearings at the outset of detention."). The Court will therefore grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*. Accordingly, at this stage, the Court does not reach petitioner's claims under the Fourth Amendment and Administrative Procedure Act.

### III.    Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Antone Moniz, the warden of the Plymouth County Correctional Facility, is hereby ORDERED to either release petitioner or provide him a bond hearing no later than December 24, 2025. The claims against defendants Patricia Hyde, Todd Lyons, and Kristi Noem are DISMISSED.

**So Ordered.**

Dated:  December 17, 2025

/s/  F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge